## HEIRS OF LUCAS *vs*. TARVER.

Under the Act of 1847, compelling discoveries at common law, and the statutes amendatory thereof, when interrogatories are filed for the opposite party, and they fail to answer, the Court may attach the party who is in default, continue the case, or non-suit the plaintiff, or strike out the defendant's plea, according to the circumstances. *Held:* That it is discretionary with the Court to continue the case generally, or charge it to the party in default; and that the discretion of the Court in this, as well as all other cases, will be controlled wherever it is flagrantly abused.

Ejectment, from Baker Superior Court. Decision made by Judge ALLEN, at the November Term, 1860.

The question in this case arises out of the following state of facts, to-wit:

An action of ejectment was pending in Baker Superior Court, for the recovery of lot of land No. 160, in the 8th district of said county, in favor of John Doe, *ex dem.*, Tabitha Watson; George Stone, in right of his wife, Martha V. Stone; Joseph Ashurst, in right of his wife, Eliza P. Ashurst; Thos. W. Mason, in right of his wife, Mary J. Mason; David Walker, in right of his wife, Ann K. D. Walker; Albert G. Goodall; James P. Goodall; Otis Dyer, in right of his wife, Mary Ann Dyer; William F. Hoduitt, in right of his wife, Caroline Hoduitt; Thomas Gott, in right of his wife, Virginia Gott, formerly Virginia Goodall; John B. Wardlaw, in right of his wife, Martha Wardlaw, formerly Martha Goodall; and Mrs. Seaborn Ann Pollock, formerly Seaborn Ann Goodall, heirs at law of Keziah Lucas, deceased, against Richard Roe, casual ejector, and Henry A. Tarver, tenant in possession.

Interrogatories had been filed by the defendant, requiring the plaintiffs to answer under the Act of 1847, and which had been served upon counsel for the plaintiffs barely sixty days before the beginning of the Term. In addition to this, the plaintiffs were scattered over the States of Georgia, Alabama, Mississippi, Louisiana and Texas, and one of them was traveling in Europe at the time the interrogatories were

served, and at the time they were required to be answered. There had been no want of diligence in the effort to have the interrogatories answered. Under this state of facts, which were admitted by counsel for the defendant, the Court charged the continuance of the case to the plaintiffs, holding that the continuance, under the statute, must be charged to the plaintiff, and that the Court had no discretion in the premises.

This decision was excepted to by counsel for the plaintiffs, and is the error assigned in the record.

IRVIN & BUTLER, for plaintiffs in error.

SLAUGHTER & ELY, for defendant in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

This was an action of ejectment brought by the heirs at law of Keziah Lucas, against Henry A. Tarver, to recover lot No. 160, in the 8th district of Baker county. Interrogatories were filed by the defendant against plaintiffs, under the Statute of 1847, and the Acts amendatory thereof, to compel discoveries at common law: and the same not having been answered and returned, the defendant moved to charge the plaintiffs with a continuance of the cause, notwithstanding the interrogatories had been filed barely sixty days before the Court sat, and although it was admitted that the plaintiffs were scattered over five States—Georgia, Alabama, Texas, Mississippi and Louisiana, and one of them was at that time traveling in Europe, and there was no lack of diligence to procure the testimony.

The Court held that it had no discretion under the law, and accordingly continued the case at the instance of the plaintiffs, and it is this decision that is sought to be reversed.

We are clear that the Court is clothed with plenary discretion; still, if it had been exercised properly in this case, we should not have disturbed the judgment; but, well satisfied as we are that no laches was attributable to the plaintiffs, and that it was error to have charged them with one of the

continuances allowed them by law, under the facts, which were not contradicted, we are constrained to reverse the judgment.

Judgment reversed.